UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 7

William Lawrence Evans and                                      Case No. 08-71076
Suzanne Jeanne Evans, f/k/a
Suzanne Jeanne Pagel,                                           Hon. Phillip J. Shefferly

           Debtors.
_____/

**ORDER (1) DENYING MOTION TO ALLOW CONTINUED
ADMINISTRATION OF JOINT BANKRUPTCY CASE IN CHAPTER 7;
(2) DISMISSING DECEASED DEBTOR FROM CHAPTER 13 CASE; AND
(3) ALLOWING SURVIVING DEBTOR TO CONTINUE CASE IN CHAPTER 7**

On December 19, 2008, the Debtors, William Lawrence Evans and Suzanne Jeanne Evans, filed this case under Chapter 13. On May 5, 2009, the Court entered an order confirming the Debtors' plan. On March 11, 2011, one of the Debtors, William Lawrence Evans, died. The Debtors' case continued in Chapter 13 after his death until April 20, 2011. On that date, the other Debtor, Suzanne Jeanne Evans, filed a notice of conversion (docket entry no. 74), converting the case from Chapter 13 to Chapter 7, pursuant to § 1307 of the Bankruptcy Code. Although the notice of conversion states that both Debtors, William Lawrence Evans and Suzanne Jeanne Evans, declare that they have read the notice of conversion and that they each seek to convert the case to Chapter 7, the notice is obviously signed only by one Debtor, Suzanne Jeanne Evans, because her husband was deceased prior to the notice of conversion being filed.

On May 11, 2011, counsel for the Debtors filed a motion ("Motion to Continue Case") (docket entry no. 88) to allow continued administration of the joint bankruptcy case after the death of William Lawrence Evans, and to excuse certain requirements for William Lawrence

Evans in Chapter 7. Counsel for the Debtors also filed a motion to expedite a hearing on the Motion to Continue Case. On May 11, 2011, the Court entered an order granting an expedited hearing, for May 13, 2011.

The Motion to Continue Case relies upon Fed. R. Bankr. P. 1016. That rule states as follows:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

There is no question that Bankruptcy Rule 1016 permits a Chapter 7 liquidation to continue after death of a debtor. However, that rule is predicated upon a Chapter 7 case already pending at the time of the death of a debtor. In this case, there was no Chapter 7 case at the time of the death of William Lawrence Evans. When William Lawrence Evans died on March 11, 2011, this case was proceeding in Chapter 13, not Chapter 7. The proper disposition of the Chapter 13 case of William Lawrence Evans after he died was either to have that Chapter 13 case dismissed, or to have the other Debtor, Suzanne Jeanne Evans, complete the Chapter 13 case. Suzanne Jeanne Evans was free to convert her Chapter 13 case to Chapter 7 under § 1307(a) on April 20, 2011, but could not convert her deceased husband's case to Chapter 7. Therefore, the Court concludes that the filing of the notice of conversion by Suzanne Jeanne Evans was effective to convert her case to Chapter 7, but did not have the effect of converting her deceased husband's case to Chapter 7 and, to the extent that it purports to convert his case to Chapter 7, it must be vacated.

In re Spiser, 232 B.R. 669 (Bankr. N.D. Tex. 1999), dealt with a similar circumstance. In that case, both of the Chapter 13 debtors became deceased while the Chapter 13 case was pending. Each of their probate estates sought to convert their Chapter 13 case to Chapter 7. Although conversion was initially ordered, the court granted the Chapter 7 trustee's motion for reconsideration, and held that upon death of both Chapter 13 debtors, during their Chapter 13 case, the probate estates were not debtors eligible to convert their Chapter 13 case to Chapter 7 under § 1307 of the Bankruptcy Code.

> Only an individual with regular income may be a debtor in Chapter 13, § 109(e). With the deaths of both Mr. and Mrs. Spiser, there was no "individual" remaining in the Chapter 13 case; only the probate estates of Mr. and Mrs. Spiser remained. A probate estate is not a "debtor" eligible to convert the case to Chapter 7 under § 1307(a). The Court finds persuasive the reasoning and conclusions of Bankruptcy Judge Rufus W. Reynolds who found that conversion to Chapter 7 be a debtor's probate estate is not permitted under the Bankruptcy Code. *In re Jarrett,* 19 B.R. 413 (Bankr. M.D.N.C. 1982). A careful reading of Rule 1016 supports this conclusion. That rule provides that in the event of the death of a Chapter 13 debtor the case may be dismissed or, if further administration is possible, the case may be concluded in the same manner as though the death had not occurred. The term "further administration" implies that the case would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan, rather than conversion of the case to Chapter 7.

Id. at 673.

Even though William Lawrence Evans became deceased during his Chapter 13 case, Bankruptcy Rule 1016 authorized the further administration of that case in Chapter 13. But it did not authorize the other Debtor, Suzanne Jeanne Evans, to convert his case to Chapter 7. As a debtor, Suzanne Jeanne Evans could convert her case to Chapter 7 under § 1307(a) of the Bankruptcy Code, but not the case of her deceased husband.

At the hearing on May 13, 2011, the Court denied the Motion to Continue Case for the reasons set forth in this order, all of which were also stated on the record in open court. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Continue Case (docket entry no. 88) is denied.

**IT IS FURTHER ORDERED** that the notice of conversion filed on April 20, 2011 (docket entry no. 74) only converts the Chapter 13 case of Suzanne Jeanne Evans, and does not convert the case of the deceased joint debtor, William Lawrence Evans.

**IT IS FURTHER ORDERED** that because he is deceased, William Lawrence Evans is dismissed as a joint debtor in his Chapter 13 case pursuant to Bankruptcy Rule 1016.

**IT IS FURTHER ORDERED** that the case of Suzanne Jeanne Evans shall continue in Chapter 7 pursuant to the notice of conversion filed on April 20, 2011 (docket entry no. 74).

.

```
Signed on May 16, 2011
                                    /s/ Phillip J. Shefferly
                                  Phillip J. Shefferly
                                  United States Bankruptcy Judge
```